QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Frederick A. Lorig (Bar No. 057645)
  fredlorig@quinnemanuel.com
  Steven M. Anderson (Bar No. 144014)
  stevenanderson@quinnemanuel.com
  Christopher A. Mathews (Bar No. 144021)
  chrismathews@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Plaintiff
PACKETVIDEO CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACKETVIDEO CORPORATION, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SPOTIFY USA INC., a Delaware corporation, SPOTIFY LIMITED, a United Kingdom corporation, and SPOTIFY TECHNOLOGY SARL, a Luxembourg corporation,<br><br>　　　　　Defendants. | CASE NO. __'11CV1659 IEG  WMc__<br><br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff PacketVideo Corporation ("PacketVideo") for its complaint against Defendants Spotify USA Inc. ("Spotify USA"); Spotify Limited ("Spotify UK") and Spotify Technology SARL  ("Spotify Lux") (all collectively "Defendants"), hereby demands a jury trial and alleges as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue is established in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).  Defendants have committed acts of infringement in this judicial district; and Defendants Spotify UK and Spotify Lux are alien companies.

### Nature of the Action

3.      This is a civil action for infringement of United States Patent No. 5,636,276 (the "Patent-in-Suit" or "'276 Patent").  This action is based upon the Patent Laws of the United States, 35 U.S.C. § 100 et seq.

### Parties

4.      Plaintiff PacketVideo Corporation ("PacketVideo") is a corporation organized under the laws of the state of Delaware, having its principal place of business at 10350 Science Center Drive, San Diego, CA 92121.

5.      On information and belief, Defendant Spotify USA is incorporated under the laws of the state of Delaware, having its principal place of business at 76 9th Avenue, Suite 1110, 11th Floor, New York, NY 10011.   On information and belief, Spotify products accused of infringement in this Complaint are and have been offered for sale, sold, and imported by Spotify USA in this and other judicial districts.

6.      On information and belief, Defendant Spotify UK is incorporated under the laws of the United Kingdom, having its principal place of business at Golden House, 30 Great Pulteney Street, London W1F 9NN, United Kingdom.   On information and belief, Spotify UK manufactures, distributes, and imports the products alleged to infringe herein in this and other judicial districts.

7.      On information and belief, Defendant Spotify Lux is incorporated under the laws of Luxembourg, having its principal place of business at Avenue Marie-Therese 22, 2132 Luxembourg, Luxembourg. On information and belief, Spotify Lux manufactures, distributes, and imports the products alleged to infringe herein in this and other judicial districts.

COMPLAINT FOR PATENT INFRINGEMENT

8.      Upon information and belief, at all relevant times mentioned in this Complaint, Defendants, and each of them, were the agents of each other, and in doing the things alleged herein, each was acting within the scope and course of its agency and authority and was subject to and under the supervision of its co-defendants as co-conspirators.

9.      On information and belief, Defendants are subject to this Court's personal jurisdiction because they have conducted and do conduct business within this district.  Defendants, including through intermediaries, (including, distributors, retailers, partners, subsidiaries and others), make, manufacture, ship, distribute, offer for sale, sell, advertise, and use their products and services in the United States, including this district, through which they derive substantial revenue.  Personal jurisdiction exists specifically over Defendants because of their infringing conduct within and directed at citizens in this district, including by virtue of at least their website (www.spotify.com) that actively reaches out to citizens in the Southern District of California and offers Defendants' infringing products.  These infringing products have been and continue to be used in this district.  Defendants have committed patent infringement within this district.

**Background Facts and the Patent-in-Suit**

10.      Founded in 1998, PacketVideo is a San Diego-based company that produces software that allows the user to enjoy wireless music and video.  PacketVideo offers everything from browsing for, recommendation of, and discovery of music and video, to the purchase, playback and sharing of music and video.  The company's software supports all major media formats, broadcast standards, home networking protocols, operating systems and handsets/mobile phones.  PacketVideo's customers include mobile operators such as Verizon Wireless, NTT DoCoMo and Orange, handset manufacturers, and consumer electronics companies. PacketVideo's software is currently embedded in more than 260 million devices worldwide and more than 320 different products.

11.      PacketVideo's software products form the foundation for audience-interactive media experiences that give consumers the freedom to enjoy multimedia content however, whenever and wherever they want.

COMPLAINT FOR PATENT INFRINGEMENT

12.     Defendants offer a music streaming service called Spotify, found at www.spotify.com.  The Spotify service provides streaming of selected music from a range of record labels (*e.g.,* Sony, Warner, Universal, EMI).  The Spotify service enables users to access music available through the service.  Specifically, the Spotify servers enable users to browse by, for example, artist, album, record label, genre or playlist. The service is presently only available in the United States, and in certain countries of Europe.  The system is currently accessible using different computer software operating systems and mobile operating systems.

13.     On June 3, 1997, the United States Patent and Trademark Office ("USPTO") issued the '276 Patent to Rolf Brugger for his invention entitled "Device for the Distribution of Music in Digital Form."  PacketVideo is the exclusive and current owner of all right, title, and interest in and to the '276 Patent, including the right to bring this suit for injunctive relief and damages.

**<u>COUNT I</u>**

**<u>(Patent Infringement Against Spotify USA)</u>**

14.     Paragraphs 1 through 13 are incorporated by reference as if stated fully herein.

15.     The '276 Patent is valid and enforceable.

16.     At least as early as May 11, 2011, when PacketVideo brought the '276 Patent to Defendants' attention, Defendants have had actual knowledge of both PacketVideo's rights in the '276 Patent and the details of Defendants' infringement of the '276 Patent.  Nevertheless, Spotify USA has offered for sale, sold, and imported products and/or services configured to infringe the '276 Patent, and instructed and encouraged others to use the '276 Patent in an infringing manner.

17.     With knowledge of the '276 Patent, and intent to encourage others to perform acts that Spotify USA knew infringed the '276 Patent, Spotify USA has infringed and is currently infringing the '276 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, products or services that are covered by one or more claims of the '276 Patent, including claim 1, including but not limited to Defendants' infringing music streaming system and services, including for their Spotify system and service.

18.     With knowledge of the '276 Patent, Spotify USA have contributed to and/or induced, and will continue to contribute to and/or induce the infringement of the '276 Patent by others in this District and elsewhere in the United States, by selling, offering for sale, advertising, leasing, offering to lease, instructing and/or importing into the United States, without authority, with the direct infringement being accomplished by end users of at least the foregoing products and/or services.

19.     Spotify USA is not licensed or otherwise authorized by PacketVideo to practice, contributorily practice and/or induce third parties to practice the claims of the '276 Patent.

20.     By reason of Spotify USA's infringing activities, PacketVideo has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

21.     Spotify USA's continuing acts of infringement are irreparably harming and causing damage to PacketVideo, for which PacketVideo has no adequate remedy at law, and will continue to suffer such irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court.  The hardships that would be imposed by an injunction are less than those faced by PacketVideo should an injunction not issue.  The public interest would be served by issuance of an injunction.

22.     Spotify USA's infringement of the '276 Patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.

23.     Spotify USA's infringement of the '276 Patent is exceptional and entitles PacketVideo to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II

### (Patent Infringement Against Spotify UK)

24.     Paragraphs 1 through 23 are incorporated by reference as if stated fully herein.

25.     The '276 Patent is valid and enforceable.

26.     At least as early as May 11, 2011, when PacketVideo brought the '276 Patent to Defendants' attention, Defendants have had actual knowledge of both PacketVideo's rights in the '276 Patent and the details of Defendants' infringement of the '276 Patent.  Nevertheless, Spotify

-5-

UK has distributed and imported products and/or services configured to infringe the '276 Patent, and instructed and encouraged others to use the '276 Patent in an infringing manner.

27.     With knowledge of the '276 Patent, and intent to encourage others to perform acts that Spotify UK knew infringed the '276 Patent, Spotify UK has infringed and is currently infringing the '276 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, products or services that are covered by one or more claims of the '276 Patent, including claim 1, including but not limited to Defendants' infringing music streaming system and services, including their Spotify system and service.

28.     With knowledge of the '276 Patent, Spotify UK have contributed to and/or induced, and will continue to contribute to and/or induce the infringement of the '276 Patent by others in this District and elsewhere in the United States, by selling, offering for sale, advertising, leasing, offering to lease, instructing and/or importing into the United States, without authority, with the direct infringement being accomplished by end users of at least the foregoing products and/or services.

29.     Spotify UK is not licensed or otherwise authorized by PacketVideo to practice, contributorily practice and/or induce third parties to practice the claims of the '276 Patent.

30.     By reason of Spotify UK's infringing activities, PacketVideo has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

31.     Spotify UK's continuing acts of infringement are irreparably harming and causing damage to PacketVideo, for which PacketVideo has no adequate remedy at law, and will continue to suffer such irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court.  The hardships that would be imposed by an injunction are less than those faced by PacketVideo should an injunction not issue.  The public interest would be served by issuance of an injunction.

32.     Spotify UK's infringement of the '276 Patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.

COMPLAINT FOR PATENT INFRINGEMENT

33.     Spotify UK's infringement of the '276 Patent is exceptional and entitles PacketVideo to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

<u>**COUNT III**</u>

<u>**(Patent Infringement Against Spotify Lux)**</u>

34.     Paragraphs 1 through 33 are incorporated by reference as if stated fully herein.

35.     The '276 Patent is valid and enforceable.

36.     At least as early as May 11, 2011, when PacketVideo brought the '276 Patent to Defendants' attention, Defendants have had actual knowledge of both PacketVideo's rights in the '276 Patent and the details of Defendants' infringement of the '276 Patent.  Nevertheless, Spotify Lux has distributed and imported products and/or services configured to infringe the '276 Patent, and instructed and encouraged others to use the '276 Patent in an infringing manner.

37.     With knowledge of the '276 Patent, and intent to encourage others to perform acts that Spotify Lux knew infringed the '276 Patent, Spotify Lux has infringed and is currently infringing the '276 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, products or services that are covered by one or more claims of the '276 Patent, including claim 1, including but not limited to Defendants' infringing music streaming system and services, including their Spotify system and service.

38.     With knowledge of the '276 Patent, Spotify Lux have contributed to and/or induced, and will continue to contribute to and/or induce the infringement of the '276 Patent by others in this District and elsewhere in the United States, by selling, offering for sale, advertising, leasing, offering to lease, instructing and/or importing into the United States, without authority, with the direct infringement being accomplished by end users of at least the foregoing products and/or services.

39.     Spotify Lux is not licensed or otherwise authorized by PacketVideo to practice, contributorily practice and/or induce third parties to practice the claims of the '276 Patent.

40.     By reason of Spotify Lux's infringing activities, PacketVideo has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

COMPLAINT FOR PATENT INFRINGEMENT

41.    Spotify Lux's continuing acts of infringement are irreparably harming and causing damage to PacketVideo, for which PacketVideo has no adequate remedy at law, and will continue to suffer such irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court.  The hardships that would be imposed by an injunction are less than those faced by PacketVideo should an injunction not issue.  The public interest would be served by issuance of an injunction.

42.    Spotify Lux's infringement of the '276 Patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.

43.    Spotify Lux's infringement of the '276 Patent is exceptional and entitles PacketVideo to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, PacketVideo respectfully requests the following relief:

A.    A judgment holding the Defendants liable for infringement of the Patent-in-Suit asserted against them;

B.    A permanent injunction pursuant to 35 U.S.C. § 283 against Defendants, their officers, agents, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all others acting in concert or participation with them, enjoining them from continued acts of infringement of the Patent-in-Suit asserted against them, to the extent those patents have not yet expired;

C.    An accounting of damages resulting from the Defendants' infringement of the Patent-in-Suit asserted against them, together with pre-judgment and post-judgment interest;

D.    A judgment holding that the Defendants' infringement is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

COMPLAINT FOR PATENT INFRINGEMENT

1          E.          A judgment holding this Action to be an exceptional case, and an award to Plaintiff

2    PacketVideo for its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

3          F.          Such other and further relief as this Court deems just and proper.

4

5    DATED:  July 27, 2010                    Respectfully submitted,

6                                                            QUINN EMANUEL URQUHART &
                                                              SULLIVAN, LLP
7

8

9
                                                            By:   /s/ Chris Mathews
10                                                                Chris Mathews
                                                                  Attorneys for Plaintiff
11                                                                PACKETVIDEO CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

<u>JURY TRIAL DEMANDED</u>

PacketVideo Corporation demands a trial by jury on all issues triable of right by a jury.

DATED:  July 27, 2011                         QUINN EMANUEL URQUHART  &
                                              SULLIVAN, LLP


                                              By:  _/s/ Chris Mathews_____
                                                 Chris Mathews
                                                 Attorneys for Plaintiff
                                                 PACKETVIDEO CORPORATION

-10-

℀ JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| PACKETVIDEO CORPORATION, a Delaware corporation | SPOTIFY USA INC., a Delaware corporation, SPOTIFY LIMITED, a United Kingdom corporation, and SPOTIFY TECHNOLOGY SARL, a Luxembourg corporation, |

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant <u>NY/San Diego</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christopher A. Mathews (SBN 144021)
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000

Attorneys (If Known)

'11CV1659 IEG  WMc

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 2 1 USC 88 1 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [X] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 463 Habcas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):
35 USC 1 et seq.                                                    35:145 yeb

Brief description of cause:
Patent infringement.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):       JUDGE                                DOCKET NUMBER

DATE
July 27, 2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ Christopher A. Mathews

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

CSDJS44